IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

AT NASHVILLE

Assigned on Briefs December 11, 2002

**BILLY J. COFFELT v. STATE OF TENNESSEE** - Filed July 2, 2003

**Direct Appeal from the Criminal Court for Davidson County**

**No. D-1179     Cheryl Blackburn, Judge**

**No. M2001-03073-CCA-MR3-PC**

The petitioner, Billy J. Coffelt, was convicted of assault with intent to commit first degree murder and assault with intent to commit robbery with a deadly weapon. Subsequently, the petitioner filed a petition for post-conviction relief, alleging the ineffective assistance of counsel, which petition was dismissed by the post-conviction court without a hearing. The petitioner currently appeals this ruling. Upon review of the record and the parties' briefs, we reverse the judgment of the post-conviction court and remand for an evidentiary hearing on the petition for post-conviction relief.

**Tenn. R. App. P. 4(a); Judgment of the Criminal Court is Reversed and Remanded.**

NORMA MCGEE OGLE, J., delivered the opinion of the court, in which DAVID G. HAYES and JOHN EVERETT WILLIAMS, JJ., joined.

David M. Hopkins, Nashville, Tennessee, for the appellant, Billy J. Coffelt.

Paul G. Summers, Attorney General and Reporter; J. Ross Dyer, Assistant Attorney General; Victor S. (Torry) Johnson, III, District Attorney General, and Roger D. Moore, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**I.  Factual Background**

The petitioner's case is now before us as the result of a tumultuous procedural history. Much of the relevant history of the petitioner's case was summarized by this court in a previous opinion:

> On October 21, 1983, the petitioner, Billy J. Coffelt, was sentenced to life imprisonment for assault with intent to commit first degree murder and to imprisonment for not less than ten but not more than twenty-one years for assault with intent to commit robbery with a deadly weapon. The petitioner did not appeal his convictions. In February 1987, the petitioner filed a petition for post-conviction relief, which was denied . . . on October 2, 1987. . . . This denial was not challenged until April 28, 1998, when the petitioner filed a motion to set an evidentiary hearing regarding the status of his petition for post-conviction relief. The trial court denied this motion on the ground that the post-conviction petition was denied on October 2, 1987. On July 24, 1998, the petitioner filed a motion for delayed appeal, which the trial court denied on the ground that the post-conviction petition was denied on October 2, 1987.
>
> The petitioner contends that he has not had the opportunity to present his arguments to the court concerning his post-conviction petition. He asserts that he should be granted a delayed appeal from the denial of his post-conviction petition because his post-conviction counsel did not appeal or inform him of the denial. Although not entirely clear, he also appears to assert that he should be granted a delayed appeal from his original convictions because his trial counsel did not file a notice of appeal.

State v. Billy J. Coffelt, No. M1998-00337-CCA-R3-CD, 2001 WL 120576, at *1 (Tenn. Crim. App. at Nashville, Feb. 1, 2001).

This court noted that "[w]hile the petitioner is not entitled to appellate review of the denial of his motion for delayed appeal [under Tennessee Rule of Appellate Procedure 3], we realize that the petitioner is attempting to obtain the right to appeal from the denial of his original post-conviction petition." Id. This court concluded that " we may waive the notice of appeal requirement if, in our discretion, the interest of justice so requires." Id.; see also Tenn. R. App. P. 4(a). Accordingly, this court remanded the petitioner's case to the trial court for an evidentiary hearing for findings "regarding whether the petitioner had due notice of the denial of his post-conviction petition and other relevant factors concerning the lengthy delay" in the proceedings. Id. at *3.

On remand, the trial court entered an order on November 20, 2001, determining that the post conviction petition was dismissed on October 2, 1987, without an evidentiary hearing and

without petitioner's counsel present.[1] The trial court found No Order was entered and no notice of the dismissal was sent to the Petitioner as required by Tenn. Code Ann. § 40-30-119 (repealed 1995)." Furthermore, the court found that the petitioner

> was not aware, through his own knowledge or knowledge that could be attributed to him, of the final judgment denying his Post-Conviction Petition, its substance, or its entry. The Petitioner did not inquire about his case for several years, and even though he was advised ultimately of the dismissal, it is unclear to this Court at what point he actually learned of the ruling.

Consequently, on January 16, 2002, this court entered an order stating that "the interests of justice require waiver of the timely filing of the notice of appeal in this case." See Tenn. R. App. P. 4(a). Thereafter, on January 23, 2002, the petitioner filed in this court a notice of appeal of the post-conviction court's summary dismissal of his post-conviction petition.

## II. Analysis

Because the petitioner's post-conviction proceedings were commenced prior to the enaction of the 1995 Post-Conviction Procedure Act, we will address the petitioner's claims under the prior law, the 1986 Post-Conviction Procedure Act. Both 1995 and 1986 post-conviction law provide that post-conviction relief "shall be granted when the conviction or sentence is void or voidable because of the abridgement . . . of any right guaranteed by the constitution of this state or the Constitution of the United States." Tenn. Code Ann. § 40-30-105 (1986); see also Tenn. Code Ann. § 40-30-203 (1997). An example of such a constitutional right is the right to the effective assistance of counsel. See generally Baxter v. Rose, 523 S.W.2d 930 (Tenn. 1975). Moreover, Tennessee Code Annotated sections 40-30-109(a)(1) and (2) (1986) provide that "[w]hen the petition has been competently drafted and all pleadings, files and records of the case which are before the court conclusively show that the petitioner is entitled to no relief, the court may order the petition dismissed[; however, in] all other cases the court shall grant a hearing as soon as practicable."

The petitioner, acting pro se, originally timely filed for post-conviction relief on February 27, 1987. In his petition, the petitioner complained that he was denied his due process rights due to the State changing the date of the offense from July 11, 1980, to July 10, 1980, during trial and he also argued that he was denied the effective assistance of counsel by counsel's failure to make relevant motions and counsel's failure to perfect a direct appeal.

After the filing of the petition, the petitioner was appointed counsel. The record indicates that on October 2, 1987, a hearing was set on the post-conviction petition. The transcript of the proceeding reflects that the case was summarily dismissed. Notably, the transcript states the following:

> Clerk: Billy J. Coffelt.
> The Court: Post-Conviction. Any word from [petitioner's counsel]?

---

[1] The transcript of this evidentiary hearing was not included in the record on appeal.

Response from unknown person: (Indiscernible).

The Court: Dismiss the petition.

Thus, it is clear that the petition for post-conviction relief was dismissed without an evidentiary hearing. Additionally, we note that there is no indication of the post-conviction court's reasoning for the dismissal of the petition. From our review, we determine that the record before this court fails to "conclusively show that the petitioner is entitled to no relief." Tenn. Code Ann. § 40-30-109(a)(1); see also Baxter, 523 S.W.2d at 939; Michael Floyd v. State, No. 01C01-9112-CC-00378, 1993 WL 86948, at *2 (Tenn. Crim. App. at Nashville, Mar. 25, 1993). Accordingly, we conclude that it was error for the post-conviction court to summarily dismiss the petition without holding an evidentiary hearing.

### III.  Conclusion

Therefore, we reverse the judgment of the post-conviction court petition for post-conviction relief and remand for an evidentiary hearing on the petitioner's post-conviction claims.

_____
NORMA McGEE OGLE, JUDGE